FILED
SEP 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO E. SALARDA JR. And MARY JEAN T. SALARDA, individuals on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br>vs.<br><br>AEGIS WHOLESALE CORPORATION, as original lender; COMMONWEALTH LAND TITLE, as original trustee; ALLIANCE TITLE COMPANY, title company; COUNTRYWIDE HOME LOANS SERVICING LP, as PSA master server; COUNTRYWIDE HOME LOANS INC., as PSA Sponsor and Seller; CWALT, INC., as PSA Depositor; THE BANK OF NEW YORK, as PSA Trustee; NONE PSA Custodian; ALTERNATIVE LOAN TRUST 2007-OA8, as PSA Trust Issuing Entity; RECONTRUST COMPANY, as Foreclosing Trustee; CHRISTINE DAYMUDE, as Assistant Secretary of MERS, INC., MICHAEL J. BALLMANN, Notary of the Assignment of Deed of Trust; and DOES 1 through 100, inclusive,<br><br>                              Defendants. | CASE NO. 12cv0700-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendant Commonwealth Land Title (ECF No. 5) and the Motion to Dismiss filed by Defendants Alternative Loan Trust 2007-OA8, Michael J. Ballmann, CWalt, Inc., Countrywide Home Loans Servicing LP, Countrywide Home Loans, Inc., Christine Daymude, None PSA Custodian, Recontrust Company, and The Bank of New York (ECF No. 6).

## BACKGROUND

On March 22, 2012, Plaintiffs, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). On August 7, 2012, Defendant Commonwealth Land Title filed a Motion to Dismiss. (ECF No. 5). On August 8, 2012, Defendants Alternative Loan Trust 2007-OA8, Michael J. Ballmann, CWalt, Inc., Countrywide Home Loans Servicing LP, Countrywide Home Loans, Inc., Christine Daymude, None PSA Custodian, Recontrust Company, and The Bank of New York filed a Motion to Dismiss. (ECF No. 6).

Plaintiffs have not filed an opposition to either of the Motions to Dismiss.

## DISCUSSION

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Civil Local Rule 7.1 provides that "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(a). "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quotations omitted).

"Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

1     Both Motions to Dismiss in this case contain proofs of service indicating that Plaintiffs were served with the respective motions. (ECF Nos. 5-3, 6 at 34-35). The Motions to Dismiss reflect that the hearings for both motions were noticed for September 10, 2012. As of the date of this Order, Plaintiffs have failed to file any opposition to the Motions to Dismiss. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" weigh in favor of granting the Motions to Dismiss on the grounds that Plaintiffs have failed to file any opposition. *Ghazali*, 46 F.3d at 53.

## CONCLUSION

    IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Commonwealth Land Title (ECF No. 5) is GRANTED, and the Motion to Dismiss filed by Defendants Alternative Loan Trust 2007-OA8, Michael J. Ballmann, CWalt, Inc., Countrywide Home Loans Servicing LP, Countrywide Home Loans, Inc., Christine Daymude, None PSA Custodian, Recontrust Company, and The Bank of New York (ECF No. 6) is GRANTED.

    The Complaint is DISMISSED without prejudice as to Defendants Commonwealth Land Title, Alternative Loan Trust 2007-OA8, Michael J. Ballmann, CWalt, Inc., Countrywide Home Loans Servicing LP, Countrywide Home Loans, Inc., Christine Daymude, None PSA Custodian, Recontrust Company, and The Bank of New York.

    The Clerk of the Court is instructed to mail a copy of this Order to Plaintiffs at their last known address.

DATED: 9/11/12

                                           WILLIAM Q. HAYES
                                           United States District Judge